## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

CHRISTOPHER WAYNE WEBB,      )
                             )
            Plaintiff,       )
                             )
vs.                          )          CASE NO.  CIV-11-1477-M
                             )
OKLAHOMA DEPARTMENT OF       )
CORRECTIONS,                 )
                             )
            Defendant.       )

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Chief United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  An initial review of the complaint has been conducted as required, and based on that review it is recommended that the complaint be dismissed on filing.

## I.  BACKGROUND

In his three-count complaint, Plaintiff names the Oklahoma Department of Corrections as the only Defendant.  In Count I, Plaintiff alleges violation of his rights under the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.  Complaint, [Doc. No. 1, p. 2].  In support of this claim, Plaintiff alleges that upon arrival at the Lexington Assessment and Reception Facility in Lexington, Oklahoma, prisoners are issued documentation regarding their current "charge, prior criminal charge(s) and the severity of

those conviction(s) whether past (or) present...."  Complaint, [Doc. No. 1, p. 3].  He claims that it is common knowledge that "certain crime(s)/offenses" are best left "undiscovered," because they expose prisoners who are documented as having been convicted of such offenses to the risk of serious physical injury.  Id.  In Count II, Plaintiff alleges the Oklahoma Department of Corrections unlawfully compels or promotes a detainee's decision to plead guilty to a crime in order to begin immediately receiving 22 days of earned credits per month against any sentence of imprisonment.  Complaint, [Doc. No. 1, p. 4].  Although it is not altogether clear, Plaintiff is apparently alleging that this pressures an inmate who believes his movement to a Department of Corrections correctional facility upon conviction might be delayed to immediately accept a plea agreement in order to receive earned credits per Department of Corrections policy rather than day for day jail time credits. In Count III, Plaintiff complains that the Department of Corrections' custody evaluation system considers crimes occurring more than ten years ago. Complaint, [Doc. No. 1, p. 5]. He claims that this is caused by the Department of Corrections' policy of measuring the age of a previous conviction from the date of release from incarceration pursuant to the conviction, rather than from the date of the conviction itself.   Id.  He seeks nominal, consequential and punitive damages, as well as injunctive relief. Complaint, [Doc. No. 1, p. 11-12).

On December 27, 2011, Plaintiff amended his complaint to add an allegation to Count III. In that amendment he alleges that the Department of Corrections also improperly considers detainers, holds, and warrants in making classification decisions.  "Plaintiff's Motion/Supplement to Add Amendment." [Doc. No. 7]. Although Plaintiff styles his

2

amendment as a motion, Plaintiff can at this point in the litigation amend his pleading once as a matter of course. Fed.R.Civ.P. 15(a)(1). Thus, Plaintiff is not required to obtain leave to file an amended complaint.        Although Plaintiff does not need leave of Court to amend, an amended pleading supersedes all previously filed pleadings and must be filed on the appropriate form and  incorporate all of the allegations-both original and amended. See Fullerton v. Maynard, No. 91-7002, 1991 WL 166400 at *2 (10th Cir. Aug, 29, 1991).[1] Ordinarily, the undersigned would direct Plaintiff to file his first amended complaint in accord with this requirement. However, because the amendment only adds factual allegations to Count III of the initial complaint, and does not cure the fatal defect discussed below, directing Plaintiff to file his first amended complaint in the proper format would be a waste of judicial resources.

## II.    INITIAL SCREENING STANDARD

        In any action filed by a person proceeding in forma pauperis, 28 U.S.C. § 1915(e) obligates a court to "dismiss the case at any time if the court determines that . . . the action or appeal: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A suit "is frivolous where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989). Section 1915(e) review of a complaint for failure to state a claim focuses on "plausibility in

---

[1]This an any other unpublished disposition are cited as persuasive authority pursuant to Fed. R. App. P. 32.1 and Tenth Circuit Rule 32.1.

3

the complaint." <u>Carson v. Tulsa Police Dep't</u>, No. 07-5030, 266 Fed. Appx. 763, 765 (10th Cir. Feb. 21, 2008) (quotation and alteration omitted) (applying plausibility standard set forth in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 564 (2007), to review the dismissal of a complaint pursuant to § 1915(e)).

In reviewing the sufficiency of the complaint, the factual allegations are broadly construed, presumed as true, and read in the light most favorable to the plaintiff. <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1109-10 (10th Cir. 1991). However, the "broad reading" of pro se complaints "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." <u>Id.</u> at 1110. The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." <u>Whitney v. New Mexico</u>, 113 F.3d 1170, 1175 (10th Cir. 1997).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>see also</u> <u>Tarabishi v. McAlester Regional Hosp.</u>, 827 F.2d 648, 651 (10th Cir. 1987) ("[t]he provisions of § 1983 apply only to persons who deprive others of rights secured by the Constitution or laws of the United States and who act under color of state statute, ordinance, regulation, custom or usage").

Plaintiff has named the Oklahoma Department of Corrections as Defendant–an agency

of the State of Oklahoma. Absent a specific waiver of immunity or express abrogation of the State's immunity by Congress, "[n]onconsenting States may not be sued by private individuals in federal court" regardless of the form of relief requested. Opala v. Watt, 454 F.3d 1154, 1157 (10th Cir. 2006). Here, the State of Oklahoma has not expressly waived its Eleventh Amendment immunity to suit in federal court, Okla. Stat. tit. 51, § 152.1, and the Supreme Court has held that § 1983 does not abrogate state sovereign immunity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66, 71 (1989).  Eleventh Amendment immunity also extends to suits against a state agency, Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984), and applies to Plaintiff's request for injunctive relief.  Steadfast Ins. Co. V. Agricultural Ins. Co., 507 F.3d 1250, 1252 (10th Cir. 2007).  Therefore, this Court has no jurisdiction over Plaintiff's claims against the Oklahoma Department of Corrections and the complaint should be dismissed for that reason.

However, as this defect is subject to cure by amendment, it is recommended that dismissal be with leave to amend.  Any such amendment should be denominated as Plaintiff's amended complaint and must be filed using the Court's form complaint and must include all claims Plaintiff wishes to pursue.

## RECOMMENDATION

It is recommended that the complaint be dismissed upon filing as it seeks relief against a Defendant who is immune from suit. It is further recommended that the dismissal be with leave to amend, and that any such amendment must be filed within fifteen (15) days from the date of any order adopting this Report and Recommendation.  Furthermore, any such amendment must stand alone and should be denominated as an "amended complaint." Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by February 2, 2012, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72.  Plaintiff is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991).  The Clerk of Court is directed to electronically forward a copy of this Report and Recommendation to the Attorney General for the State of Oklahoma on behalf of Defendants at fhc.docket@oag.state.ok.us.   This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, unless the matter is re-referred.

ENTERED this 13th day of January, 2012.

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE