IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER WAYNE WEBB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-11-1477-M |
| | ) |
| D.O.C. DIRECTOR (JUSTIN JONES), | ) |
| C/M (AMANDA WEAVER), and | ) |
| U/M (MR. JONES), | ) |
| | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

Plaintiff Christopher Webb[1] is a state prisoner who seeks damages and equitable relief under 42 U.S.C. § 1983. Defendants Justin Jones, Tracy Jones, and Amanda Weaver move for dismissal or summary judgment. The Court should grant the motion to dismiss on the official-capacity claims for damages. On the remaining claims, the Defendants are entitled to summary judgment.

### Motion to Dismiss

The three defendants are being sued in part in their official capacities. *See* Order (Aug. 15, 2012). They argue that in their official capacities they enjoy immunity under the Eleventh Amendment.

---

[1]     In affidavits, Michael Ray Ratliff and Paul Raymond Sims stated that they wanted to be added as plaintiffs. Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 – Amended Complaint, Attachment at ECF pp. 8-9 (Feb. 7, 2012). But their names did not appear in the amended complaint, and they did not move for leave to intervene. Thus, Mr. Ratliff and Mr. Sims are not parties to the suit.

The Defendants are correct on the claim for damages.[2]  As a result, the Court should dismiss without prejudice the official-capacity claims for damages.[3]

But in the amended complaint, Mr. Webb also asked for an injunction to stop the placement of sensitive documentation on his person.  Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 – Amended Complaint at pp. 2, 5 (Feb. 7, 2012).  This relief is prospective, which would preclude Eleventh Amendment immunity on the injunction claim.  *See Ex parte Young*, 209 U.S. 123, 159-60 (1908); *Ellis v. University of Kansas Medical Center*, 163 F.3d 1186, 1196 (10th Cir. 1998).

Summary Judgment

The Defendants are entitled to summary judgment on the claims in their personal capacities for any remedies and in their official capacities for an injunction.

I.      Standard for Summary Judgment

The Court should grant summary judgment when "there is no genuine dispute as to any material fact and [the movants are] entitled to judgment as a matter of law."  Fed. R. Civ.

---

[2]     *See, e.g., Ellis v. University of Kansas Medical Center*, 163 F.3d 1186, 1196 (10th Cir. 1998) (stating that Eleventh Amendment immunity covers an official-capacity suit for damages against a state official).

[3]     *See Albert v. Smith's Food & Drug Centers, Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004) ("In cases where the district court has determined that it lacks jurisdiction, dismissal of a claim must be without prejudice." (citation & footnote omitted)); *see also Polaski v. Colorado Department of Transportation*, 198 F. App'x 684, 685-86 (10th Cir. 2006) (holding that a dismissal under the Eleventh Amendment must be without prejudice).

P. 56(a). Parties may establish the existence or nonexistence of a material disputed fact through:

- submission of "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials; or"

- "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Fed. R. Civ. P. 56(c)(1)(A)-(B). When a summary judgment motion is filed, "[t]he court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005) (citation omitted).

II.   Exhaustion of Available Administrative Remedies

The Defendants argue in part that Mr. Webb has failed to exhaust available administrative remedies. The undersigned agrees.

A.   Standard for Assessment of the Evidence

Because exhaustion involves an affirmative defense,[4] the Defendants bear the burden of proof.[5] As a result, the Defendants must demonstrate the absence of a disputed material fact on the issue of exhaustion. *See Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997).

---

[4]   *See Jones v. Bock*, 549 U.S. 199, 216 (2007) (concluding "that failure to exhaust is an affirmative defense under the [Prison Litigation Reform Act]").

[5]   *See Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007) ("We . . . hold that the burden of proof for the exhaustion of administrative remedies in a suit governed by the [Prison Litigation Reform Act] lies with the defendant.").

3

If the Defendants satisfy this burden, Mr. Webb would incur a duty to "demonstrate with specificity the existence of a disputed material fact." *Id.* In the absence of such a showing, the Defendants would be entitled to summary judgment on the affirmative defense. *See id.*

B.     The Requirement of Administrative Exhaustion

Federal law provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2006).

C.     The Available Administrative Process

As stated above, the Defendants bear the burden to prove that the Plaintiff did not properly utilize the available administrative remedies. *See supra* p. 3. Thus, the threshold question involves identification of the administrative remedies that had been available to Mr. Webb. For the Plaintiff, the available remedies involved a four-step process outlined in the "Offender Grievance Process" in Department of Corrections OP-090124. *See* Motion to Dismiss/Motion for Summary Judgment and Brief in Support, Exhibit 1 (June 8, 2012).

Under this process, the aggrieved person should begin by attempting to informally resolve the matter with a staff member. *See id.*, Exhibit 1 at p. 5. If the attempt is unsuccessful, the inmate may file a request to staff. *See id.*, Exhibit 1 at p. 6. If dissatisfied with the answer, the prisoner can file a grievance. *See id.*, Exhibit 1 at pp. 6-7. When the

4

inmate remains dissatisfied, he can appeal to the administrative review authority based on "newly discovered/available evidence" or "probable error." *See id.*, Exhibit 1 at p. 10.

## D. The Evidence on Mr. Webb's Administrative Complaints

The Defendants have presented sworn statements regarding the failure to submit any grievances with the facility head[6] or administrative review authority.[7] The Plaintiff states that he "did exhaust his administrative remedie(s)," but does not present any evidence that he had filed a grievance with the facility head or administrative review authority. Plaintiff(s) Motion/Response to the Defendant(s) Motion to Dismiss/Motion for Summary Judgment at p. 4 (June 20, 2012).

In the amended complaint, Mr. Webb stated that he had filed "emergency grievance(s) with Case Manager – Amanda Weaver and Unit Manager (Mr. Jones)." Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 – Amended Complaint at p. 5 (Feb. 7, 2012).[8] But the DOC policy required submission of the grievance with the "reviewing authority," which is defined as the facility head. Motion to Dismiss/Motion for Summary Judgment and Brief in Support, Exhibit 1 at pp. 2, 7 (June 8, 2012). Mr. Webb identified the recipients of his

---

[6] Special Report of Review of Factual Basis of Claims Asserted in Civil Rights Complaint Pursuant to 42 U.S.C. Section 1983, Exh. 2(A) (June 8, 2012) (affidavit by Amanda Webb).

[7] Special Report of Review of Factual Basis of Claims Asserted in Civil Rights Complaint Pursuant to 42 U.S.C. Section 1983, Exh. 2(C) (June 8, 2012) (affidavit by Debbie Morton).

[8] Mr. Webb stated that he had filed the grievance on or about November 28, 2011. Civil Rights Complaint Pursuant to 42 U.S.C. Section 1983 – Amended Complaint at p. 5 (Feb. 7, 2012). However, the Department of Corrections stated that Mr. Webb did not arrive at Lawton Correctional Facility until 24 days later. Special Report of Review of Factual Basis of Claims Asserted in Civil Rights Complaint Pursuant to 42 U.S.C. Section 1983 at p. 1 & Attachment 1 at p. 1 (June 8, 2012).

grievance as the case manager and unit manager.  Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 – Amended Complaint at ECF pp. 2-3, 8 (Feb. 7, 2012).  Thus, the grievance alleged in the amended complaint would not have satisfied the DOC policy.

Once the Defendants presented affidavits stating that Mr. Webb had not filed a grievance, he incurred a duty to present evidence that he had.  *See supra* pp. 3-4.  He failed to satisfy this burden, resulting in the absence of a genuine issue of material fact regarding the submission of a grievance.  Because exhaustion requires the filing of a grievance, the Defendants are entitled to summary judgment on the claims relating to the Defendants' personal capacities and the request for an injunction.[9]

## Notice of the Right to Object

The parties can object to this report.  To object, the party must file an objection with the Clerk of this Court by September 10, 2012.  *See* 28 U.S.C. § 636(b)(1) (2010 supp.); Fed. R. Civ. P. 6(d), 72(b)(2).  The failure to timely object would foreclose appellate review of the suggested ruling.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## Status of the Referral

The referral is discharged.

---

[9]     *See, e.g.*, *Kinkead v. Durborow*, 2012 WL 1035388, Westlaw op. at 2 (10th Cir. Mar. 29, 2012) (unpublished op.) (holding that the defendants were entitled to summary judgment based on their evidence that the plaintiff had not filed a grievance and his failure to present any contrary testimony or exhibits).

6

Entered this 22nd day of August, 2012.

Robert E. Bacharach

Robert E. Bacharach
United States Magistrate Judge